IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

SHERRIE LEMCOOL,

 Plaintiff,

vs.            Case No. 4:09cv376-RH/CAS

ASSISTANT WARDEN POOLE,
et al.,

 Defendants.

            /

## REPORT AND RECOMMENDATION

In December, 2011, the Defendants' summary judgment motion, doc. 53, was granted in part and denied in part. Doc. 69. The pro se prisoner's surviving claim concerned opportunities for Sabbat and Esbats and the scheduling of Wicca Holy Days for worship.[1] Defendants had argued in the motion for summary judgment, doc. 53, that Plaintiff had not properly exhausted her claims concerning those worship opportunities. That argument was rejected, and that claim survived. Docs. 64, 69.

Because Plaintiff sought only injunctive relief in this case, the parties were directed to advise whether settlement of this issue was possible, whether further discovery was necessary, or whether the parties were ready to proceed to the pre-trial

---

[1] Plaintiff's claims for Tarot Cards and three-ring binder claims were dismissed. Docs. 64, 69.

stage of litigation. Doc. 72. After several extensions of time, Defendants filed a response stating that the parties had been unsuccessful in resolving this case, but requested that a second summary judgment period be provided. Doc. 79. That request was granted. Doc. 82. Thereafter, Defendants filed a motion to dismiss the remaining claim as moot. Doc. 83. Defendants contend that because Plaintiff is no longer incarcerated at Lowell Correctional Institution, the "institution from which her complaint arose," this case is now moot. Doc. 83, at 2. Defendants also state that changes to Chaplaincy Services Procedure 503.002 in 2011 permits some religious activities to occur without staff supervision or volunteers. *Id.* Defendants argue that Plaintiff's "request for injunctive relief premised upon alleged circumstances at" Lowell C.I. is moot since Plaintiff is now at Hernando Correctional Institution. *Id.* at 3.

Plaintiff was directed to file a response to the motion to dismiss. Doc. 86. Prior to the Order being entered which set the deadline for Plaintiff's response, doc. 86, Plaintiff had filed a response, doc. 85, to Defendants' response to a court order. However, that response was not limited to, nor specifically directed to, the motion to dismiss and was not properly signed by Plaintiff.[2] Thus, Plaintiff was required to submit another response. Doc. 86. Her response[3] has now been filed, doc. 87, and considered.

---

[2] Plaintiff only signed a certificate of service, but did not provide her signature as to the actual document. Doc. 85, at 24.

[3] Plaintiff's response continues to address claims that have been dismissed (Tarot Cards and three-ring binders) and quotes from a multitude of cases. Doc. 87. Plaintiff provided very little argument or response as to the issue of whether her surviving claim is moot.

Case No. 4:09cv376-RH/CAS

Plaintiff's claim, as stated in her third amended complaint, was that her rights were violated by Defendants Smith, Leslie, Poole, and Kemp in denying Plaintiff "scheduled Sabbats and Esbats."  Doc. 18, at 4-5.  Plaintiff's claim against Defendant Sapp concerned only the Tarot cards.  Id. at 4.  As relief, Plaintiff requested "scheduled personal Wicca Holy Days of private worship where a volunteer can come in and supplement services of a religious nature already in place to extend the greatest amount of freedom and opportunity for pursuing Wicca . . . ."  Id. at 6.

The motion to dismiss advised that Chaplain Thompson was transferred, and Chaplain Liburd, who is now the chaplain at Lowell C.I., should be automatically substituted for Defendant Thompson pursuant to FED. R. CIV. P. 25(d).  Doc. 83.  Previously, Scott Thompson was substituted for former Chaplain Leslie, and Timothy Cannon was automatically substituted for Assistant Secretary George Sapp pursuant to FED. R. CIV. P. 25(d).  Doc. 82.  Because Defendant Sapp was not alleged to have any involvement in the scheduling of Holy Days, the motion to dismiss as to Defendant Cannon (substituted for Sapp) should be granted.

"Article III of the Constitution limits the jurisdiction of the federal courts to the consideration of 'Cases' and 'Controversies.' "  Mingkid v. U.S. Att'y Gen., 468 F.3d 763, 768 (11th Cir. 2006) (citation omitted), quoted in Smith v. Allen, 502 F.3d 1255, 1266 (11th Cir. 2007) (abrogated on other grounds by Sossamon v. Texas, ––– U.S. –––, 131 S.Ct. 1651, 179 L.Ed.2d 700 (2011), but finding that generally, transfer or a release of a prisoner from prison will moot that prisoner's claims for injunctive and declaratory relief); Zatler v. Wainwright, 802 F.2d 397, 399 (11th Cir. 1986) (inmates release from prison mooted claim for declaratory and injunctive relief); McKinnon v. Talladega Cnty.,

745 F.2d 1360, 1365 (11th Cir. 1984) (inmates transfer to a different jail moots claim for declaratory and injunctive relief).  "The doctrine of mootness derives directly from the case-or-controversy limitation, because an action that is moot cannot be characterized as an active case or controversy."  Mingkid, 468 F.3d at 768, *quoted in* Smith, 502 F.3d at 1266.

Defendants argue that because "Plaintiff is no longer at Lowell C.I., her request for injunctive relief premised upon alleged circumstances at that facility is moot."  Doc. 83, at 3.  While it is true that, as a general rule, "a transfer or a release of a prisoner from prison will moot that prisoner's claims for injunctive and declaratory relief," Zatler, 802 F.2d at 399, Plaintiff here has not been released from prison, but transferred to a different prison facility within the Florida Department of Corrections.  A case would normally be moot if the plaintiff is no longer subject to the rules of the prison. *See* Dudley v. Stewart, 724 F.2d 1493, 1494 (11th Cir. 1984) (transfer from county jail to state prison mooted claims for injunctive and declaratory relief against county jailers).  However in this case, Plaintiff is still subject to prison rules and policies which are applicable statewide.  The case is *not necessarily* moot by virtue of this transfer.

However, it is clear that Plaintiff's claims are moot as to the two Defendants who were located at Lowell Correctional Institution.[4]  Those Defendants no longer have any involvement or responsibility as it concerns Plaintiff's request for religious freedom.  Thus, Plaintiff's claims against Defendants Liburd and Poole are dismissed as moot.

---

[4] Originally, Plaintiff named Leslie and Poole as Defendants at Lowell C.I., but Thompson was substituted for former Chaplain Leslie, and then Chaplain Liburd was automatically substituted for Thompson pursuant to FED. R. CIV. P. 25(d).

Case No. 4:09cv376-RH/CAS

Notwithstanding, this case is rendered moot by virtue of the amendment to the Department's statewide policy.  Chaplaincy Services Procedure 503.002(8)(d)(3) previously did not permit religious activities to take place unless the chaplain was conducting the service, activity, or meeting, or if the chaplain did not "personally conduct" the activity, it was scheduled "with volunteers."  Doc. 83, at 2.  A change was made in 2011 which now provides that if a chaplain does not supervise the activity, it may "be supervised by appropriate staff or with volunteers."  *Id.*; *see* doc. 83-2.[5]  In effect, the change to this procedure permits inmates to engage in religious exercise even if an outside volunteer is unable to be present and staff may provide the required supervision.  This official policy change means that Plaintiff's ability to practice her Wiccan faith is not dependent upon the availability of an outside volunteer and Plaintiff should be able to exercise her First Amendment right to religious freedom.

In the absence of any meaningful response from Plaintiff which demonstrates that she is still unable to celebrate the Holy Days of her religious preference and the amendment to Procedure 503.002(8)(d)(3) did not moot her claim, the motion to dismiss should be granted.  An exception to mootness may arise where the claim is "capable of repetition yet evading review."  See Murphy v. Hunt, 455 U.S. 478, 482, 102 S.Ct. 1181, 1183, 71 L.Ed.2d 353 (1982) ( per curiam) (discussing this exception to mootness).  However, Plaintiff neither alleges nor demonstrates in her response to the motion to dismiss that she currently remains unable to celebrate the requested Holy Days.  Based on the general rule of mootness, it is Plaintiff's burden to demonstrate the exception to mootness applies, and she has not done so.  She states only that because Herndado

---

[5] The effective date of the new policy is February 9, 2012.  Doc. 83-2, at 1.

Case 4:09-cv-00376-RH-CAS   Document 88   Filed 07/09/12   Page 6 of 6

Page 6 of 6

C.I. does not have an infirmary, so "should she take ill she would be sent to Lowell C.I.'s infirmary." Doc. 87, at 1. That does not demonstrate that the new procedure has not mooted her claim.

**REPORT AND RECOMMENDATION**

It is respectfully **RECOMMENDED** that the motion to dismiss, doc. 83, be **GRANTED** and this action be **DISMISSED** for lack of subject matter jurisdiction in that there is no longer a live case or controversy as is required by Article III of the Constitution.

**IN CHAMBERS** at Tallahassee, Florida, on July 9, 2012.


  S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**